UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

CRYSTAL HILL,

        Plaintiff

v.                              Civil Action No.: 2:05-0417

JO ANNE B. BARNHART,
Commissioner of
Social Security,

        Defendant

MEMORANDUM OPINION AND ORDER

        This matter is before the court pursuant to Rule 72(b) of the Federal Rules of Civil Procedure on plaintiff's objections to the proposed Findings and Recommendation of United States Magistrate Judge Mary E. Stanley, entered August 29, 2006.

I.

        Plaintiff Crystal Hill, now 29, filed an application for social security income in August 2003, alleging disability as of November 1, 1995, due to bipolar disorder. A hearing was conducted on plaintiff's claim on October 20, 2004, subsequent to which the administrative law judge ("ALJ") issued a decision

dated November 17, 2004, finding that plaintiff was not entitled to benefits. The decision became final on April 29, 2004, after the Appeals Council denied plaintiff's request for review.

On May 19, 2005, plaintiff instituted this action seeking judicial review of the administrative decision pursuant to 42 U.S.C.A. § 405(g). The sole issue before the court is whether the final decision of the Commissioner of the Social Security Administration denying plaintiff's claim for benefits is supported by substantial evidence. See 45 U.S.C.A. § 405(g); Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). The magistrate judge, in her findings and recommendation, concluded that the ALJ's decision was supported by substantial evidence, and recommended that the Commissioner's decision denying plaintiff benefits be affirmed.

Plaintiff contended before the magistrate judge that the ALJ's decision was not based on substantial evidence given his ostensible failure to provide the vocational expert with the frequency in which she experienced headaches and dizziness. Plaintiff's objections to the proposed findings and recommendation, filed September 7, 2006, contend further that the magistrate judge incorrectly concluded that there was a lack of evidence from any medical source that claimant suffered headaches

and dizziness to a degree that would impede her ability to work.

II.

Having reviewed the record <u>de novo</u>, the court observes that the plaintiff interprets the magistrate judge's recommendation in an unduly narrow manner. The magistrate judge's observations and analysis are worth quoting at length:

> The ALJ posed a hypothetical question to the VE which stated that the individual suffered "headaches which produce dizziness." (Tr. at 270.) The VE inquired as to how often the individual suffered these symptoms, and the ALJ responded that this would vary depending on the length of the headache. (Tr. at 271.) The VE inquired whether the dizziness would preclude the person from walking, reading or attending to job tasks; to which the ALJ responded, "not all the time." Id. When asked on cross-examination whether the individual could engage in substantial gainful activity if the dizziness prevented her from focusing on the task up to one hour of a work day, the VE indicated that she could not. (Tr. at 271.)
>
> Claimant argues that the VE's opinions were based on total speculation, and that because the VE lacked specific information as to how often Claimant experienced headaches and dizziness, as well as the extent to which these symptoms would preclude her from walking, reading, or performing job tasks, there was not substantial evidence in support of her opinions. (Pl.'s Br. at 7-8.)
>
> The "hole" in Claimant's argument, as pointed out by the Commissioner, is that there is no evidence from any medical source that Claimant suffered headaches and dizziness to a degree that would impede her ability to work. It is Claimant's burden to establish that she

3

> was medically impaired and functionally limited such that she was unable to work. <u>Bowen v. Yuckert</u>, 482 U.S. 137, 146 n.5 (1987); <u>Hall v. Harris</u>, 658 F.2d 260 (4th Cir. 1981); <u>Pass v. Chater</u>, 65 F.3d 1200, 1203 (4th Cir. 1995); <u>Hunter v. Sullivan</u>, 993 F.2d 31, 35 (4th Cir. 1992).
>
> Unfortunately, in this case, Claimant has not shown that she was limited as her argument suggests. While hypothetical questions must fairly set out all a claimant's credible impairments and limitations, the questions need only reflect those restrictions which are supported by the record. <u>Chrupcala v. Heckler</u>, 829 F.2d 1269, 1276 (3d. Cir. 1987.) There is no support in the record for Claimant's implication in her question to the VE that her dizziness would prevent her from focusing for up to one hour per day, or for any other identifiable length of time, for that matter.

(Prop. Find. and Recomm. at 11-12).

In challenging this analysis, plaintiff primarily points to her testimony that her headaches occurred "almost daily." (Objecs. at 1). Inasmuch as plaintiff's own account of her symptomatology lacked precision, it was beyond the ALJ's function to speculate concerning the headaches' effects and their timing. As noted by the magistrate judge, plaintiff was seized with this burden and failed in its discharge. The magistrate judge aptly added:

> The fact in this case is that there is only scant evidence that Claimant even *reported* headaches or *complained* of headaches to her physicians, as one would assume she would if she were suffering severe pain or limitations.

\* \* \*

4

> It is highly significant . . . that no medical source
> has opined that Claimant is totally disabled from work,
> either based on a single impairment or her impairments
> in combination.

(Prop. Find. and Recomm. at 17-18).

The magistrate judge did not err in recommending that the Commissioner's decision be upheld.

### III.

For the reasons stated, and having reviewed the record de novo, the court adopts and incorporates herein the magistrate judge's proposed findings and recommendation in their entirety. It is ORDERED that plaintiff's motion for judgment on the pleadings be, and it hereby is, denied; judgment be, and it hereby is, granted in favor of defendant; and the final decision of the Commissioner be, and it hereby is, affirmed.

The Clerk is directed to forward certified copies of this written opinion and order to all counsel of record and the United States Magistrate Judge.

DATED: September 12, 2006

John T. Copenhaver, Jr.
United States District Judge

5